```
              UNITED STATES DISTRICT COURT

               FOR THE DISTRICT OF ARIZONA

              _____

United States of America,        )
                                 )
              Plaintiff,         )   CR 08-00814-PHX-DGC
                                 )
     vs.                         )   Phoenix, Arizona
                                 )   September 8, 2010
Daniel David Rigmaiden and Ransom)
Marion Carter, III,              )
                                 )
              Defendants.        )
_____)




       BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE

       REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS

                   STATUS CONFERENCE

              (EXCLUDING EX-PARTE DISCUSSION)
```

Official Court Reporter:
Patricia Lyons, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc. 41
Phoenix, Arizona  85003-2150
(602) 322-7257

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
14:26:43   1                        A P P E A R A N C E S

           2

           3     For the Government:

           4             U.S. Attorney's Office
                         By:  FREDERICK A. BATTISTA, ESQ.
14:26:43   5             40 North Central Ave., Ste 1200
                         Phoenix, AZ   85004
           6

           7

           8     For Defendant Rigmaiden, Pro Per:

           9             Daniel David Rigmaiden
                         Central Arizona Detention Center – Florence
14:26:43  10             P.O. Box 6300
                         Florence, AZ   85132
          11

          12     Shadow Counsel for Defendant Rigmaiden:

          13             Law Office of Philip A. Seplow
                         By:  PHILIP A. SEPLOW, ESQ.
          14             2000 N. 7th St.
                         Phoenix, AZ   85006
14:26:43  15

          16

          17     For Defendant Carter:

          18             Taylor W. Fox, PC
                         By:  TAYLOR W. FOX, ESQ.
          19             2 N Central Ave, Ste 735
                         Phoenix, AZ 85004
14:26:43  20

          21

          22

          23

          24

          25
```

```
14:26:44   1                    P R O C E E D I N G S
           2
           3              THE COURTROOM DEPUTY:  Criminal case 08-814, United
           4   States of America versus Daniel David Rigmaiden and Ransom
15:58:07   5   Marion Carter, III.  This is the time set for status
           6   conference.
           7              MR. BATTISTA:  Good afternoon, Your Honor.  Fred
           8   Battista on behalf of the United States.
           9              THE COURT:  Good afternoon.
15:58:15  10              THE DEFENDANT:  Good afternoon, Your Honor.  Daniel
          11   Rigmaiden on behalf of himself.
          12              THE COURT:  Good afternoon.
          13              MR. SEPLOW:  Good afternoon, Your Honor.  Philip
          14   Seplow present with Mr. Rigmaiden as shadow counsel.
15:58:23  15              THE COURT:  Good afternoon.
          16              MR. FOX:  Afternoon.  Taylor Fox on behalf of
          17   Mr. Carter.  I don't know if he's been transported.  If not, we
          18   would waive his presence.
          19              THE COURT:  We didn't, Mr. Fox, because my memory was
15:58:34  20   last time we were here he said he didn't want to be transported
          21   for status conferences.
          22              MR. FOX:  As is my recollection.  So we'd ask his
          23   presence be waived.
          24              THE COURT:  All right, we'll waive his presence.
15:58:48  25              There are a couple of things we need to talk about.
```

15:58:58  1    There is -- well, to back up a bit, when we were here last, we
          2    covered a fair amount of ground.  I put out some orders that
          3    indicated that you would use your best efforts, Mr. Rigmaiden,
          4    to file your discovery motions by July 30th.  Those haven't
15:59:19  5    been filed and you filed a memorandum that you titled
          6    Memorandum re Defense Efforts Being Hindered.  I think, as I
          7    understand it, was intended to explain why they haven't been
          8    filed yet.  But it also references a number of matters that
          9    you've raised in ex parte motions.  So it's unclear to me,
15:59:38 10    since this wasn't filed under seal or ex parte, how much of a
         11    discussion you want to have about these items with the
         12    government present, as opposed to discussing some of the
         13    ex parte motions that you have filed.
         14              THE DEFENDANT:  I think anywhere where I noted an
15:59:59 15    ex parte motion I'd rather do that without the government.  I
         16    was kind of giving them a little bit of heads up so they would
         17    know as well, instead of just telling them I didn't have it
         18    done.
         19              THE COURT:  All right.
16:00:36 20              Let's turn, then, to a couple of matters that
         21    Mr. Rigmaiden raises in that memorandum about the government
         22    and Mr. Battista.
         23              On paragraph 8 he says that at the July 15th hearing
         24    you indicated you would revisit the triangulation issue for
16:00:54 25    additional discovery; you would provide the defendant with a

```
16:00:57   1   final answer regarding requested unredacted documents; and
           2   that you would search all government e-mails pertaining to the
           3   case for discovery relating to the air card locating mission.
           4            Can you tell us what's happened on that.
16:01:12   5            MR. BATTISTA:  Yes, Your Honor.
           6            THE COURT:  Pull the mike up a little bit, would you.
           7            MR. BATTISTA:  As the Court's aware, two matters.
           8   With respect to the triangulation, the government has provided
           9   all parties with respect to the defense the government's final
16:01:31  10   answer today with respect to triangulation.  We were able to
          11   answer that question.  For the past two -- I just returned to
          12   the office yesterday.  I was out of the office for
          13   approximately two weeks.  I was hospitalized.  So I'm doing a
          14   lot better now.
16:01:51  15            I'm in the process of -- before I was hospitalized, I
          16   was in the process of gathering all the agents' e-mails, all
          17   of the agents' notes, any e-mails I have and any notes that I
          18   have and going through to release any information to the
          19   defendant regarding what, just for generic terms, we've been
16:02:13  20   calling the air card mission.  I had hoped to have those out
          21   to the defendant, but my hospitalization prevented that being
          22   done.
          23            I anticipate that we should be able to have any
          24   e-mails or notes to the defendant by the end of next week.
16:02:33  25   And that would be for the time period of approximately late
```

16:02:36  1  June of '08 to the date of the defendant's arrest on August
          2  3rd of '08.  It's time consuming because there were so many
          3  agents involved and so much e-mail traffic.  But I had been
          4  working diligently on that before I was hospitalized.
16:02:55  5           It's quite a undertaking because so many agents are
          6  involved and because there's sensitivity in terms of identity
          7  of the informants and there's sensitivity in terms of the
          8  investigation technique.  So we literally have to read every
          9  single line of every single document to determine whether it
16:03:14 10  is privileged or not privileged.
         11           I would love to be able to gather everything,
         12  photocopy it, and ship it off to the defendant.  But because
         13  there are these sensitive issues involved, we literally have
         14  to read every single line.
16:03:28 15           But we have gathered the documents.  We're in the
         16  process of processing them, doing the redactions, and getting
         17  them out to the defendant.
         18           So the defendant had also given the government a
         19  series of approximately 22 different discovery requests, but
16:03:44 20  very defined requests for information.  Via a letter today,
         21  which I've hand delivered, we've either responded to the vast
         22  majority of the requests or advised the defendant that we're
         23  not going to respond any further than we already have.  So
         24  we've also taken care of I believe 22 specific discovery
16:04:08 25  requests that the defendant had provided to us either in terms

```
16:04:12   1    of pleadings or letters.  Over a number of different issues.
           2              So I think right now we're either in a position where
           3    the defendant's going to have to file a motion to compel and
           4    we'll address it in that arena, or we're in the process of
16:04:27   5    getting the notes and e-mails regarding the air card mission.
           6    We should be able to get those out by the end of next week.
           7              THE COURT:  All right.  In paragraph 9 Mr. Rigmaiden
           8    says he wrote letters July 20th and July 30th making discovery
           9    requests and that he hadn't yet received any response.  Was
16:04:47  10    that addressed in that letter you gave him today?
          11              MR. BATTISTA:  Yes.  I believe so.
          12              THE COURT:  Mr. Rigmaiden, I think everything else
          13    in -- well, I guess there is another matter that's not
          14    ex parte, which is in paragraph 7 you say that the transcript
16:05:08  15    of the May 28th hearing has not been filed.  It actually was
          16    just filed.  I looked last night and it was filed on the docket
          17    yesterday.  So that's now available and counsel should be able
          18    to get that to you.  It's at Document 359 on the docket.
          19              Everything else you raise, I think, is an ex parte
16:05:37  20    matter.  Is there anything else on this list in your
          21    memorandum you want to have discussed while counsel for the
          22    government is present?  We've got other things to talk about
          23    but I want to make sure we've covered all the ground you
          24    wanted to cover with the government here on this memorandum.
16:05:53  25              THE DEFENDANT:  I think that's everything.
```

```
16:06:01   1              THE COURT:  Okay.  We have a trial date in this case
           2    of December 14th.  I think what we ought to do is talk through
           3    some of these other ex parte matters so I could try to get a
           4    good fix when you'll be ready to file that motion, or those
16:06:29   5    motions, so we can figure out when those can get resolved and
           6    how it will affect the schedule in the case.  But I'd like to
           7    try to get that as fixed as we can because I want to make sure
           8    we're moving forward and not taking too long to get this case
           9    ready.
16:06:44  10              Mr. Battista, do you have matters you want to raise
          11    for this hearing?  If not, I'm going to ask you to step out
          12    for a few minutes while I run through some ex parte matters
          13    with Mr. Rigmaiden.
          14              MR. BATTISTA:  Not at this time, Your Honor.  If I
16:06:59  15    think of anything -- I'm assuming you'll call us back in?
          16              THE COURT:  Yeah, you'll come back in.
          17              Mr. Rigmaiden, are there other matters you want to
          18    raise with the government before we talk through ex parte
          19    issues?
16:07:11  20              THE DEFENDANT:  No.
          21              THE COURT:  Okay.
          22              Why don't you step out for a minute, if you would,
          23    and we'll try to get through these fairly quickly.
          24                                 * * *
16:07:17  25              (The sealed ex parte discussion was reported but not
```

```
16:07:18    1   transcribed herein.)
            2                           * * *
            3           THE COURT:  All right.  The record should reflect
            4   counsel for the government and the codefendant returned to the
16:28:03    5   courtroom.  This will end the sealed portion of the transcript.
            6           Mr. Rigmaiden, in light of what we've talked through
            7   on various issues, what do you believe is the amount of time
            8   you need to prepare your motions regarding discovery?
            9           THE DEFENDANT:  I think once I'm given the scanned
16:28:23   10   conversion that I needed done and issues get handled with CCA
           11   and legal visits so I can start doing that again, I would think
           12   30 days.
           13           THE COURT:  Are you still thinking you're going to be
           14   filing two motions?
16:28:38   15           THE DEFENDANT:  Yeah.
           16           THE COURT:  One is going to be focused specifically
           17   on --
           18           THE DEFENDANT:  On sensitive investigative techniques
           19   and the other is general.
16:28:48   20           THE COURT:  All the other discovery issues.
           21           THE DEFENDANT:  Yeah.
           22           THE COURT:  Mr. Fox, do you have discovery issues
           23   you're going to be raising with the government that need to be
           24   resolved in any motion practice?
16:28:57   25           MR. FOX:  Not at this time, Your Honor.
```

```
16:28:59   1              THE COURT:  Okay.  Well, if we say it's going to be
           2   filed in about 30 days, that would be about October 8.  It
           3   would be briefed, then, by the end of November and ruled on,
           4   hopefully, around then.  Obviously, if I grant additional
16:29:28   5   discovery there isn't going to be time to get ready for a
           6   December 14th trial date.  Let me look at my calendar for just
           7   a minute.
           8              Mr. Rigmaiden, assuming we don't get that motion
           9   ruled on until late November or early December, how much time
16:31:34  10   do you think you're going to need to be -- you're going to
          11   need in order to be ready for trial?
          12              THE DEFENDANT:  Well, I started to file my motion to
          13   suppress after the discovery motions.  So depending on the type
          14   of discovery they turn over, because discovery motions pertain
16:31:50  15   to motions to suppress.  So I'm not really sure until I look at
          16   exactly what they're going to turn over.  It's hard for me to
          17   say, especially because I'm at CCA and there's all kinds of
          18   things out of my control that can happen that change things.
          19              THE COURT:  Do you have thoughts on the trial date,
16:32:11  20   Mr. Fox?
          21              MR. FOX:  Well, right now my trial -- right now with
          22   my trial schedule, even December is looking untenable.  I have
          23   a noncapital murder trial beginning next week and then a
          24   capital murder trial beginning end of October.
16:32:32  25              With that said, in terms of just the amount of time
```

16:32:34  1   I'll have, I'll need to resume review of the discovery in this
           2   case.  I would say three to four weeks continuous, but I'm not
           3   going to have continuous opportunities to do so between now
           4   and December.  But in the meantime, I'm certainly doing my
16:32:53  5   best to make that December trial date a meaningful one.  I'm
           6   just apprising this Court of my trial schedule right now.
           7           THE COURT:  Mr. Battista, do you have any thoughts on
           8   trial dates?
           9           MR. BATTISTA:  Your Honor, I don't see the December --
16:33:10 10   I mean the defendant has given us a preview of his motions,
          11   which are 75 pages.  We're going to have to go to battle on the
          12   discovery issues and then we'll have to go to battle on the
          13   motion to suppress.  I don't see us being able to resolve those
          14   issues by December.  And then once we resolve all of those
16:33:34 15   issues, then the trial preparation starts in earnest.
          16           So I would say at least three to four months beyond
          17   December might be something that would be doable, assuming we
          18   can resolve all the suppression issues.
          19           I mean, obviously, if the government loses the
16:33:57 20   information that we gained by gaining access to the location
          21   of the air card, we don't have a case against the defendant.
          22   But if we win that, the evidence is quite extensive and
          23   direct.  But --
          24           THE COURT:  If the case goes to trial, what's your
16:34:14 25   current best estimate as to how long the trial will be?

16:34:22  1          MR. BATTISTA:  For the government's case, Your Honor,
2   I -- in order to lay out the picture of how the defendant was
3   found so the jury would have an understanding of where we got
4   to where we did, I would have to say at least three to four
16:34:37  5   weeks.  A lot of the counts are repetitive, so once the
6   groundwork is laid in terms of the overall picture of the case,
7   a number of the individual counts could be handled rather
8   expeditiously.  But I think it's a significant indictment and
9   there's a lot of conduct, a lot of highly technical issues,
16:35:11 10   computer issues, document issues, tax law.
11          THE COURT:  All right.  Thank you.
12          All right.  What I think I'd like to do is this:  I
13   think I'd like to set another status conference in this case
14   for Friday, November 5th, at 3:30 p.m.  By that date we should
16:35:43 15   have the motions filed and briefing under way.  We can pick a
16   date for a hearing on the discovery motion, if we think we
17   need one.  We can talk about the December trial date.
18          Obviously you can file -- either defense can file a
19   motion to continue the trial date before then if you think you
16:36:03 20   need to, but by that date I would encourage you to think about
21   what kind of extension you think you need.  We'll also take up
22   any other issues that have arisen at that time.  But I want to
23   do this periodically so we stay on top of things and don't
24   lose track of what's happening.
16:36:21 25          So I will set that 11/5 status conference at 3:30

16:36:24   1    p.m.
           2             Are there other matters that the government needs to
           3    raise today, Mr. Battista?
           4             MR. BATTISTA:  Just one thing.  I think the way the
16:36:35   5    discovery's working now, Your Honor, what we're doing is I'm
           6    mailing a cover letter to the defendant at CCA to give him
           7    notice of what we're providing, and then we're giving a hard
           8    copy or on disk to Mr. Seplow so that then the defendant has
           9    access to it.  I think at this point the defendant would rather
16:36:55  10    not get more paper to him at CCA, and I'd just want to confirm
          11    that that's how the defendant would like to proceed from this
          12    point forward with respect to discovery.
          13             THE DEFENDANT:  Yeah, at this point I'd like to have
          14    as little amount of paper as possible at CCA.  And the way he's
16:37:15  15    doing it is fine with the CDs.
          16             MR. BATTISTA:  Okay.  That's good.
          17             THE COURT:  All right.
          18             MR. BATTISTA:  We'll continue with that policy, and
          19    obviously Mr. Seplow and Mr. Fox will be getting copies of
16:37:26  20    everything.
          21             THE COURT:  All right.
          22             Mr. Rigmaiden, do you have any other matters you want
          23    to raise?
          24             THE DEFENDANT:  No, Your Honor.
16:37:30  25             THE COURT:  Mr. Fox?

```
16:37:32   1              MR. FOX:  Nothing.
           2              THE COURT:  Mr. Seplow?
           3              MR. SEPLOW:  No, Your Honor.
           4              (Counsel and defendant confer.)
16:37:49   5              MR. SEPLOW:  We're fine, Your Honor.
           6              THE COURT:  Okay.  Thanks very much.
           7              (End of transcript.)
           8                          * * * * *
           9
          10
          11
          12
          13
          14
          15
          16
          17
          18
          19
          20
          21
          22
          23
          24
          25
```

16:37:52   1                    **C E R T I F I C A T E**

           2

           3            I, PATRICIA LYONS, do hereby certify that I am duly

           4   appointed and qualified to act as Official Court Reporter for

16:37:52   5   the United States District Court for the District of Arizona.

           6

           7            I FURTHER CERTIFY that the foregoing pages constitute

           8   a full, true, and accurate transcript of all of that portion

           9   of the proceedings contained herein, had in the above-entitled

16:37:52  10   cause on the date specified therein, and that said transcript

          11   was prepared under my direction and control, and to the best

          12   of my ability.

          13

          14            DATED at Phoenix, Arizona, this 9th day of February,

16:37:52  15   2011.

          16

          17

          18

          19

16:37:52  20                                  s/ Patricia Lyons, RMR, CRR
                                              Official Court Reporter
          21

          22

          23

          24

          25